JACOBUS, J.
Glenn A. Gillins appeals the trial court’s dismissal of his postconviction motion, filed pursuant to Florida Rule of Criminal Procedure 3.850, as successive and time-barred. We conclude that the dismissal of the motion on the basis of untimeliness was incorrect, as was the trial court’s determination that Gillins’ claim of newly discovered evidence should fail. Therefore, this case is reversed and remanded for an evidentiary hearing.
In April 2007, following a jury trial, Gillins was convicted of a felony battery. The court sentenced Gillins to 10 years in prison as a prison releasee reoffender. Gillins appealed and his judgment and sentence were per curiam affirmed. Gillins v. State, 987 So.2d 90 (Fla. 5th DCA 2008). The mandate issued on August 18, 2008. Gillins subsequently filed his first rule 3.850 motion in which he asserted several claims of ineffective assistance of trial counsel. An evidentiary hearing was held on Gillins’ claim that counsel was ineffective for failing to list and call two alibi witnesses. At the evidentiary hearing, Gil-lins’ trial counsel testified that while an investigator with the Volusia County Public Defender’s Office was originally assigned to secure evidence to substantiate Gillins’ alibi defense, the investigation was referred to the Alachua County Public Defender’s Office, since the two alibi witnesses resided in that jurisdiction. Counsel explained that Gillins maintained he was in a certain Gainesville motel with these individuals when the battery was committed. The Alachua investigator was given the names of the two alibi witnesses *904 and the contact information provided by Gillins. Trial counsel stated that nothing was developed by the investigation to substantiate Gillins’ alibi claims. Based on this testimony, the trial court denied Gil-lins’ first rule 8.850 motion, concluding that his counsel thoroughly investigated the alibi defense but could not prove it. Gillins did not appeal the denial of his initial rule 3.850 motion for postconviction relief.
On March 29, 2010, Gillins filed his second rule 8.850 motion. He thereafter filed a number of amendments and supplements to the motion, the last of which was filed on August 16, 2010. The trial court entered an order summarily dismissing the motion as untimely and successive. This is the order Gillins challenges in this appeal.
As an initial matter, Gillins’ second rule 3.850 motion was not time-barred. As mentioned previously, the mandate in Gil-lins’ direct appeal was issued August 18, 2008. Thus, Gillins’ second rule 3.850 motion, and its various amendments, were all filed within the two-year time limit set forth by rule 3.850(b). Nevertheless, we agree that, with the exception of one claim, Gillins’ new rule 3.850 motion contained successive claims and, therefore, it was properly dismissed by the trial court. However, the non-successive claim requires reversal. In that claim, Gillins asserted that trial counsel never attempted to contact his alibi witnesses, notwithstanding counsel’s testimony to the contrary at the evidentiary hearing on the prior rule 3.850 motion. Gillins explained that the prior evidentiary hearing was the first time he had heard that an investigator from Alachua County was responsible for confirming his alibi. After the hearing, Gillins made a public records request to the authorities in Alachua County. He discovered there was no record of any request to their office to investigate Gil-lins’ alibi witnesses and, hence, no investigation of his case was ever done.
Taking Gillins’ allegation as true, as we must, we find that he has shown a sufficient justification for not raising this precise claim in his prior postconviction motion. See Fla. R. Crim. P. 3.850(f). In essence, Gillins has raised a viable claim of newly discovered evidence. See generally Jones v. State, 591 So.2d 911 (Fla.1991). We note that the Alachua County Public Defender’s Office went beyond answering Gillins’ public records request — they used the information he gave them (which he had previously given trial counsel) to actually track down his alibi witnesses. Both witnesses stated that they had not been previously contacted by any investigator from any agency, and they both gave statements that would support Gillins’ contention that he was in Gainesville at the time of the alleged battery.
Thus, Gillins has made a prima facie showing that trial counsel failed to investigate his alibi and that he could not have known of counsel’s alleged deficient performance prior to his first rule 3.850 motion. As such, Gillins is entitled to an evidentiary hearing on this claim. We therefore reverse in part and remand for an evidentiary hearing on Gillins’ claim that counsel was ineffective for failing to investigate his alibi defense. We affirm the dismissal as to the other grounds.
AFFIRMED in part; REVERSED in part; and REMANDED for an evidentiary hearing.
MONACO, C.J. and ORFINGER, J., concur.